UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DAVID ARTHUR BUIE,

                    Petitioner,

-against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------ x

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

07 Civ. 1865 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       In this action pursuant to 28 U.S.C. § 2255, Petitioner David Arthur Buie challenges his fifteen-year mandatory minimum sentence, which was imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g) & 924(e). The motion is denied.

       On April 6, 2005, police responded to an anonymous tip reporting an argument and shots fired at 1064 Cauldwell Avenue in the Bronx. The officers saw Petitioner arguing, searched him, and found bullets and a knife. After arresting him, they found a gun in his back pocket. On June 23, 2005, a grand jury returned an indictment charging Petitioner with possession of a firearm or ammunition by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). The indictment further charged that Petitioner was subject to the fifteen-year mandatory minimum of the ACCA, 18 U.S.C. § 924(e), because he had been convicted of three prior felonies, two robbery convictions and one narcotics conviction.

       The most recent of these felonies was the crime of manufacturing, distributing, or dispensing a controlled dangerous substance in the second degree, a violation of N.J. Stat. Ann. §§ 2C:35-5a(1) & 5b(2). On March 18, 1994, Petitioner was arrested by New Jersey state troopers, who found bags of heroin in a car in which he was a passenger. This offense carries a

term of imprisonment of five to ten years. N.J. Stat. Ann. §§ 2C:43-6(a)(2). In addition, New Jersey law provides that a person with at least two prior convictions may be sentenced to a term of imprisonment of ten to twenty years. Id. § 2C:43-7. The State offered a plea agreement, pursuant to which Petitioner would receive a maximum term of imprisonment of eight years. Petitioner accepted this offer and pleaded guilty before Judge Berman of the Middlesex County Superior Court, acknowledging that he understood that the maximum possible sentence after a trial was twenty years. On May 22, 1995, Petitioner was sentenced to eight years of imprisonment.

Before Judge Casey of the United States District Court for the Southern District of New York, Petitioner moved to dismiss the portion of his indictment that would have imposed the fifteen-year mandatory minimum of the ACCA. He argued that his New Jersey narcotics conviction was not for a "serious drug offense," and so did not trigger application of the ACCA mandatory minimum. Although 18 U.S.C. § 924(e) defines "serious drug offense" as an offense for which the maximum sentence is ten years, and although the state offense carried such a maximum sentence, Petitioner argued that his plea agreement for an maximum eight-year sentence constructively amended the statutory maximum sentence downward for ACCA enhancement purposes. Petitioner also argued that he was denied effective assistance of counsel when he agreed to plead guilty to the narcotics offense. Judge Casey denied Petitioner's motion on December 12, 2005, and his motion for reconsideration on August 17, 2006, noting that the text of the statute, which is controlling pursuant to Taylor v. United States, 495 U.S. 575 (1990), sets forth a ten-year maximum sentence, and that Petitioner's Sixth Amendment claim had no merit, given his own descriptions of his discussions with counsel before entering his plea.

After Judge Casey denied his motions, Petitioner pleaded guilty pursuant to a plea agreement that allowed him to appeal the limited issue of whether his New Jersey narcotics conviction was a "serious drug offense" that activates the ACCA mandatory minimum. Petitioner was sentenced to fifteen years of imprisonment. He then appealed this limited issue to the United States Court of Appeals for the Second Circuit, which affirmed his conviction and sentence on November 13, 2008, holding that Petitioner's narcotics conviction was a "serious drug offense" because it carried a maximum penalty of ten years of imprisonment, and that Petitioner was not deprived of counsel. Buie v. United States, 547 F.3d 401, 402 (2d Cir. 2008). The Supreme Court denied a writ of certiorari. Buie v. United States, 129 S. Ct. 1640 (2009).

In his present motion, Petitioner advances three claims: first, that his 1979 New York state conviction for robbery in the first degree should not have been considered a "violent felony" for ACCA purposes; second, that his 1995 New Jersey state narcotics conviction should not have been considered a "serious drug offense" for ACCA purposes; and third, that Judge Berman of the New Jersey state court misled him as to whether a plea agreement to an eight-year maximum sentence effectively changed the statutorily authorized maximum sentence.

I hold that the second and third claims for relief of Petitioner's § 2255 motion are barred. "It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)); see Massey v. United States, No. 08 Civ. 924 (WHP), 2009 WL 1285991 (S.D.N.Y. Apr. 23, 2009). Petitioner raised these identical claims before the Court of Appeals, which addressed them on the merits and rejected his arguments.

Petitioner's first claim for relief, concerning his New York state conviction, is not barred because he did not advance it on appeal. However, on the merits, it suffers from the same defect as his claim regarding his New Jersey state conviction. In New York, robbery in the first degree is a Class B felony, which carries a maximum sentence well above the maximum one-year sentence required for enhancement under the ACCA. See 18 U.S.C. § 924(e)(2)(B); N.Y. Pen. Law § 70.02. The ACCA defines "violent felony" and "serious drug offense" not by reference to the sentence actually imposed, but by the maximum theoretical sentence authorized by the statute. Accordingly, it is not relevant that Petitioner in fact received a sentence of probation following his New York state conviction, because, as the Court of Appeals held, "Supreme Court precedent . . . requires that we look to the definition of the offense established by the state legislature." Buie, 547 F.3d at 404 (citing United States v. Rodriguez, 128 S. Ct. 1783, 1790 (2008)); see Taylor, 495 U.S. at 600 (holding that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses").

Accordingly, I deny Petitioner's motion. I decline to issue a certificate of appealability, as there has not been a substantial showing of the denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Clerk shall mark the motion (Doc. #1) as terminated and the case as closed.

SO ORDERED.

Dated: July 24, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge